AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                         Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   22-CR-643 |
| Peter Coker, Jr. | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____

*Place*

on _____

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20)  Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☑ )  (6)  The defendant is placed in the custody of:

Person or organization ___Susan H. Coker___

Address *(only if above is an organization)* ___

City and state ___Chapel Hill, North Carolina___      Tel. No. ___

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____        _____

                        Custodian                                               Date

( ☑ )  (7)  The defendant must:

( ☑ ),  (a)  submit to supervision by and report for supervision to the ___U.S. Pretrial Services___ ,
            telephone number _____ , no later than ___See Attachment A #15.___ .

( ☐ ),  (b)  continue or actively seek employment.

( ☐ ),  (c)  continue or start an education program.

( ☑ ),  (d)  surrender any passport to: ___U.S. Pretrial Services___

( ☑ ),  (e)  not obtain a passport or other international travel document.

( ☐ ),  (f)  abide by the following restrictions on personal association, residence, or travel: _____

( ☑ ),  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
            including: ___See Attachment A #7.___

( ☐ ),  (h)  get medical or psychiatric treatment: _____

( ☐ ),  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
            or the following purposes: _____

( ☐ ),  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
            necessary.

( ☐ ),  (k)  not possess a firearm, destructive device, or other weapon.

( ☐ ),  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☐ ),  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
            medical practitioner.

( ☐ ),  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with
            random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
            prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
            of prohibited substance screening or testing.

( ☐ ),  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
            supervising officer.

( ☑ ),  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
            ( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as
                        directed by the pretrial services office or supervising officer; or
            ( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
                        medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
                        activities approved in advance by the pretrial services office or supervising officer; or
            ( ☑ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
                        court appearances or other activities specifically approved by the court; or
            ( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However,
                        you must comply with the location or travel restrictions as imposed by the court.
                        Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                                    Page 3 of 3 Pages

## ADDITIONAL CONDITIONS OF RELEASE

( ☑ ) (q)  submit to the following location monitoring technology and comply with its requirements as directed:
        ( ☑ ) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
        ( ☐ ) (ii)   Voice Recognition; or
        ( ☐ ) (iii)  Radio Frequency; or
        ( ☐ ) (iv)  GPS.

( ☐ ) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)  **See Attachment A #1 - 15**

SO ORDRED :
s/Cathy L. Waldor   3/30/23
USMJ C.L. Waldor

(x) the defendant is ordered released after processing

# **Attachment A**

(1) 1.5 million appearance bond secured by the available equity in the following properties, waiving the local rule, co-signed by his mother, Mrs. Susan Coker, his sister, Mrs. Dina Coker, and his father, Peter Coker Sr, specifically:

    a.  23102 Umstead, Chapel Hill, NC
    b.  23104 Umstead, Chapel Hill, NC
    c.  23106 Umstead, Chapel Hill, NC
    d.  3905 W. Friendly Ave, Greensboro, NC
    e.  12804 Morehead, Chapel Hill, NC

(2) Defense counsel shall perfect liens on the above properties in the relevant jurisdictions prior to the defendant's release and provide verification of same to Pretrial Services and the Government.

(3) For the purpose of Location Monitoring, the defendant shall install a land line telephone in his/her residence within 10 days of release, unless waived by Pretrial Services.

(4) Surrender all passports/travel documents. Do not apply for new travel documents.

(5) Permitted travel only to attend court appearances in the District of New Jersey or visit his attorneys at their offices in Morristown, New Jersey and New York, New York; all other travel must otherwise be approved by Pretrial Services and must be in the company of his Third- Party Custodian.

(6) Maintain residence at 12804 Morehead, Chapel Hill, NC with his third-party custodian.

(7) Avoid all contact, directly or indirectly with any person who is or may be a victim of witness in the investigation of prosecution including: Any co-defendants, co-conspirators or witnesses, with exception of contact with his father/codefendant but he must not discuss the case unless in the presence of counsel.

(8) Do not engage in the business or trading of securities, except that the defendant may liquidate his own personally held securities.

(9) Abide by all ICE directives.

(10)    The defendant is prohibited from internet access and the possession and/or use of computers or connected devices at any location, unless in the presence of counsel.

(11)    Any cellphones possessed by a third-party custodian must be password protected and verified by Pretrial Services.

(12)    The defendant shall not possess any financial documents, bank cards, or identification that is not issued in his name.

(13)    The defendant is not permitted to assume new debt or open new lines of credit.

(14)    The defendant is not permitted to seek any new identity documents, such as passports, or use any other individuals' identity.

(15)    The defendant shall report to Pretrial Services by 9:00 a.m the following business day immediately following his release from Immigration and Customs Enforcement for the installation of location monitoring.