2021R00442/LR/AW/PAL/jw

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Christine P. O'Hearn |
| v. | : | Crim. No. 22-643 |
| PETER COKER, JR., | : | JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about December 19, 2024, pursuant to a plea agreement with the United States, defendant Peter Coker, Jr. pleaded guilty to Counts One and Two of the Indictment ("Indictment"), which charged the defendant with conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 (Count One); and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (Count Two);

WHEREAS, a person convicted of a securities fraud offense, as alleged in Counts One and Two of the Indictment, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment representing the property constituting, or derived from, proceeds the defendant obtained as a result of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, on or about March 17, 2025, the Court held a Loss Determination Hearing (Minutes of Proceedings, ECF No. 126), during which the Court heard arguments from the parties concerning the appropriate amount of a forfeiture money judgment in this case; and

WHEREAS, Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure provides, in relevant part, that the Court may enter a general order of forfeiture if it has not calculated the amount of a forfeiture money judgment prior to sentencing,

NOW, having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant has pleaded guilty, the Court having accepted the forfeiture stipulated in the plea agreement, and the defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant. The Money Judgment is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2)(C).

2. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money

order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C), the Court shall amend this Order under Rule 32.2(e)(1) after it has calculated the amount of the Money Judgment.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of defendant, and shall be included in the judgment of conviction therewith.

6. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 13 day of May, 2025.

_____
Hon. Christine P. O'Hearn
United States District Judge